**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3515-19

DIANA WELTHY,

     Plaintiff-Appellant/
     Cross-Respondent,

v.

EASTAMPTON TOWNSHIP
POLICE DEPARTMENT,

     Defendant-Respondent/
     Cross-Appellant.

_____

          Submitted November 16, 2021 – Decided November 23, 2021

          Before Judges Fisher and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2438-18.

          Jacobs & Barbone, PA, attorneys for appellant/cross-respondent (Louis M. Barbone, on the briefs).

          Armando V. Riccio, LLC, attorneys for respondent/cross-appellant (Armando V. Riccio, on the briefs).

PER CURIAM

Plaintiff Diana Welthy began her employment as a police officer with the Eastampton Police Department in July 2008. She was suspended with pay in April 2015 and, in July 2016, charged with fourteen counts of misconduct, including, among other things: a failure to report; retaining donations intended for the police department; using her patrol car for unofficial duties and in unpermitted locations; falsifying documents; and insubordination.

A trial was conducted by an appointed hearing officer between January and July 2018. In November 2018, the hearing officer filed a 121-page decision finding plaintiff guilty of all fourteen charges. Plaintiff was thus terminated. Days later, she filed this action in lieu of prerogative writs.

The judge heard supplemental testimony from Police Chief Joseph Iacovitti and Sergeant Dennis Shephard in September 2019. On March 3, 2020, the judge issued an order and a twenty-six-page opinion explaining why she sustained some charges but not others; the judge also granted defendant's counterclaim to recoup salary paid during the suspension period that amounted to $321,942.17.

Defendant moved for reconsideration of the dismissed charges, challenging, among other things, the judge's finding that Chief Iacovitti had not been truthful. The trial judge granted the motion in part, amending her finding

to the "possibility" that Chief Iacovitti "was simply mistaken." Plaintiff then initiated this appeal, and defendant filed a cross-appeal.

Plaintiff argues the trial judge failed to make independent findings of fact and instead applied an appellate standard of review by assessing whether the hearing officer's findings were supported by substantial evidence. She also contends the judge's findings upholding six charges were "arbitrary, capricious, and unreasonable." We find insufficient merit in these arguments to warrant further discussion, R. 2:11-3(e)(1)(E), and affirm, adding only the following brief comments.

Pursuant to N.J.S.A. 40A:14-150, actions like this are heard de novo to ensure that a neutral, unbiased forum will review the disciplinary conviction. In re Disciplinary Procedures of Phillips, 117 N.J. 567, 580 (1990). While a trial judge conducting a de novo review must give deference to the credibility determinations drawn by the original tribunal, those initial findings are not controlling. State v. Johnson, 42 N.J. 146, 157 (1964); Donofrio v. Haag Bros., 10 N.J. Super. 258, 262 (App. Div. 1950). Instead, "careful sifting and weighing of the evidence and independent findings of fact [] are the hallmark of a de novo trial." King v. Ryan, 262 N.J. Super. 401, 412 (App. Div. 1993). We are abundantly satisfied that the judge faithfully adhered to these principles.

3

Our role is more limited than the trial judge's; we do not make new factual findings but simply determine whether there was evidence to support the trial judge's findings. Johnson, 42 N.J. at 161. Unless the decision under review is "arbitrary, capricious or unreasonable" or "[un]supported by substantial credible evidence in the record as a whole," a judge's de novo findings should not be disturbed. See Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980); Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963). Our application of this standard counsels against appellate intervention in the trial court's decision.

The trial judge's thorough opinion, a large portion of which focuses on the facts and the parties' various assertions, reveals that the judge carefully considered and weighed all the evidence. This is particularly evident in the judge's finding in plaintiff's favor on eight of the fourteen charges, and the determination that Chief Iacovitti's testimony was "suspect" – clear indications that the judge did not rubber-stamp the hearing officer's decision. In finding plaintiff guilty of six of the charges, the trial judge found the record "replete with inconsistencies regarding [p]laintiff's truthfulness as a police officer," and found "undisputed" evidence of patrol logs that did not align with GPS locations, her failure to report an alleged injury, and her use of a patrol vehicle for impermissible personal reasons.

We reject both parties' invitations to have us second-guess the trial judge's thoughtful resolution of all the issues.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3515-19